IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60813
Conference Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ANTHONY WILLIAMS,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:01-CR-33-ALL-D
--------------------
August 20, 2002

Before HIGGINBOTHAM, DAVIS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Anthony Williams appeals the district court's denial of his
motion to dismiss the indictment.  He argues that the delay from
the dismissal of the state charges and the original federal trial
date violated his right to a speedy trial guaranteed by the Sixth
Amendment to the U.S. Constitution.

Assessing a constitutional speedy-trial claim requires
balancing the four factors enunciated by the Supreme Court in

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Barker v. Wingo, 407 U.S. 514, 530 (1972).  This court reviews for clear error a district court's findings in applying this balancing test and its overall evaluation of these factors.  See United States v. Lucien, 61 F.3d 366, 371 (5th Cir. 1995).

The first Barker factor--the length of the delay--serves as a "triggering mechanism."  Barker, 407 U.S. at 530.  This court generally requires a delay of one year to trigger the full speedy-trial analysis under Barker.  See Lucien, 61 F.3d at 371.

The right to a speedy trial "attaches at the time of arrest or indictment, whichever comes first, and continues until the date of trial."  United States v. Garcia, 995 F.2d 556, 560 (5th Cir. 1993).  The constitutional speedy trial right does not attach until a federal indictment or arrest, even if a prior state arrest is based on the same events.  See United States v. Walker, 710 F.2d 1062, 1069 (5th Cir. 1983).  Williams' Sixth Amendment right did not attach until the date of the federal indictment, which was less than six months before the original trial date.  Williams has not demonstrated a constitutional speedy trial violation.  The district court's denial of his motion to dismiss the indictment is AFFIRMED.